UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOHN RICHARD LOVE and ROBERT ROY O'BDAY, JR.<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN TRUST MORTGAGE, LLC,<br><br>Defendants. | Civil Action No. 3:21-cv-00490<br><br>**COMPLAINT**<br><br>(JURY TRIAL REQUESTED) |

Plaintiffs John Richard Love and Robert Roy O'Bday, Jr. (collectively "Plaintiffs") file this Complaint seeking against Defendant Southern Trust Mortgage, LLC, ("Defendant" or "STM") alleging as follows:

**INTRODUCTION**

1. STM has failed to pay Plaintiffs, its former employees, wages due under their compensation agreements and has threatened to enforce an overly-broad non-solicitation agreement against them.

2. Upon information and belief, STM intends to continue refusing to pay wages due Plaintiffs under their compensation agreements.

**PARTIES, JURISDICTION, AND VENUE**

3. Plaintiff John Richard "Ritchie" Love ("Love") is a resident of the state of North Carolina.

4. Plaintiff Robert Roy O'Bday, Jr. ("O'Bday") is a resident of the state of North Carolina.

5. Upon information and belief, Defendant Southern Trust Mortgage, LLC is a limited liability company organized and existing under the laws of the Commonwealth of

Virginia, with its principal place of business in Virginia Beach, Virginia. Upon information and belief, none of STM's members reside in North Carolina.

6. This court has personal jurisdiction over Defendant because, among other things, Defendant has breached its contractual obligations to its North Carolina employees, has threatened to enforce restrictive covenants against North Carolina citizens that are unenforceable under North Carolina law and in violation of North Carolina public policy, and regularly conducts its business in North Carolina.

7. Pursuant to 28 U.S.C. § 1332, the Court has original subject matter jurisdiction over this action based on the complete diversity of citizenship among the parties to this action and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is properly situated in this Court because Plaintiffs signed the agreements at issue and were employed by Defendant in Mecklenburg County, North Carolina where Defendant regularly conducts business. Therefore, this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred. Further, Defendant is subject to this Court's subject matter jurisdiction, so resides in this judicial district pursuant to 28 U.S.C. § 1391(c)(2), (d).

9. Further the forum selection clause in Plaintiffs' compensation agreements are void against public policy under N.C.G.S § 22B-3, which provides that any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable.

# FACTUAL ALLEGATIONS

## I. Plaintiffs' Employment with STM

10. Plaintiffs began working together in or around 2007. They left their previous employment at the same time and began employment with STM on October 15, 2018.

11. Both were regional managers in STM's Charlotte, North Carolina branch. Several members of their teams from their former employer followed them to STM.

12. Plaintiffs worked for STM in North Carolina and supervised STM employees in North Carolina.

13. Plaintiffs resigned their employment with STM on July 5, 2021.

14. Plaintiffs had their second largest closing month in their three years of employment with STM in June 2021.

## II. STM's Compensation Obligations

15. Plaintiffs were employed by STM pursuant to compensation agreements that provided for three types of compensation: a minimal base salary ("Salary"), over-rides on loans originated by new loan officers in their region hired after the Effective Date of their Agreement ("Overrides"), and a profit share incentive ("Bonus"), which was paid quarterly.

16. Love's compensation agreement with STM ("Love's Agreement") is attached as Exhibit A to this Complaint. Love signed Love's Agreement in Charlotte, North Carolina.

17. O'Bday's compensation agreement with STM ("O'Bday's Agreement") is attached as Exhibit B to this Complaint. O'Bday signed O'Bday's Agreement in Charlotte, North Carolina.

18. Both Love's Agreement and O'Bday's Agreement contain the same Salary Provision, "You shall be paid an annual salary of $60,000 payable on the same payroll dates as

all other employees." Thus, Plaintiffs' Salaries were tied to their employment, and STM paid Plaintiffs their Salaries through their final day of employment.

### A. *STM's Failure to Pay Plaintiffs' Bonuses*

19. Love's Agreement and O'Bday's Agreement contain the same Bonus provision, which states as follows:

> Commencing with the quarter January 1, 2019 – March 31, 2019 and each quarter thereafter, you shall, within a reasonable time after the end of each quarter when the Company has sufficient information from its accountants, be paid a share of the Regional Contribution Margin (RCM). Your RCM is defined as the difference between (i) the effective best-efforts revenue on all loans originated in the region and (ii) the total direct expenses of the region including commissions, over-rides, salaries/on-boarding expenses, occupancy expenses, marketing expenses, operating expenses (including non-performing loan expenses, office supplies, and travel & entertainment), and processing expenses. The Company may periodically, but no more frequently than semi-annually adjust the components of your RCM. Your profit share incentive will be calculated according to the following schedule after adjusting for any deficits from the previous quarter.

| Quarterly Regional Contribution Margin | % of RCM |
|---|---|
| $0 to $250,000 | 4.0% |
| $250,000 to $500,000 | 7.0% |
| $500,000 to $750,000 | 10.0% |
| $750,000 to $1,000,000 | 13.0% |
| Greater than $1,000,000 | 16.0% |

20. The Bonuses due to Plaintiffs for the second quarter of 2021 were fully calculable in July 2021 and due to be paid no later than the last day of July, consistent with STM's practice throughout Plaintiffs' employment.

21. The Bonuses due to Plaintiffs for each subsequent quarter will be fully calculable in the month following the close of that quarter and are due to be paid no later than the last day of the month following each quarter.

22. Neither Agreement has any language stating that the Bonuses will be forfeited after Plaintiffs' employment ends.

4

23. STM never provided Plaintiffs any notice that it had a policy or practice that bonuses are forfeited after the end of employment.

24. STM unlawfully withheld Plaintiffs' second quarter Bonuses for 2021.

25. Upon information and belief, STM intends to unlawfully withhold Plaintiffs' quarterly Bonuses hereafter.

### A. *STM's Failure to Pay Plaintiffs' Overrides*

26. Love's Agreement and O'Bday's Agreement contain the same Override provision, which states as follows: "You shall be paid over-rides of (3.0) bps on loans originated by new loan officers in your region hired after the Effective Date of Your Agreement."

27. Throughout Plaintiffs' employment, STM paid Plaintiffs' Overrides by the fifteenth of the following month.

28. STM paid Plaintiffs' Overrides for June or 2021 on July 15, 2021.

29. STM failed to pay Plaintiffs' Overrides for July and August 2021.

30. Neither Agreement has any language stating that the Overrides will be forfeited after Plaintiffs' employment ends.

31. STM never provided Plaintiffs any notice that it had a policy or practice that overrides are forfeited after the end of employment.

32. Upon information and belief, STM intends to unlawfully withhold Plaintiffs' Overrides hereafter.

### III. STM's Non-Solicitation Requirements

33. Both Love's Agreement and O'Bday's Agreement contain the same non-solicitation provision ("Non-Solicit"), which reads as follows:

> You specifically agree that…for a period of twelve (12) months after your employment with the Company under your Agreement ceases you shall not, on your own behalf or on behalf of any other person or entity solicit or hire or assist in soliciting or hiring for

5

Case 3:21-cv-00490-FDW-DSC   Document 1   Filed 09/16/21   Page 5 of 10

employment that is competitive to the Company any employee that worked for the Company at any time during the six (6) month period prior to your cessation of employment with Company under your Agreement. STM agrees to expire the non-solicitation requirement twenty-four (24) months after the start date of each new loan officer that you hire. STM also agrees to expire the non-solicitation requirement for all new loan officers hired in your region after your start date upon…removal of any of the top three officers (Executive Chairman, C.E.O., or President).

34. STM's C.E.O. was removed in or around March of 2021.

35. In or around May of 2021, STM's President Jack Lane told Love and O'Bday that STM had lost more than 100 employees in the past 12 months.

36. The Non-Solicit purports to restrict Plaintiffs from soliciting or hiring or assisting in soliciting or hiring any employee who worked for STM during the six months before Plaintiffs' employment ended ("Restricted Employees"), regardless of whether the Restricted Employees provided services or developed relationships for STM that would be of value to a competitive business.

37. STM has asserted that Love and O'Bday have violated the Non-Solicit because several of their former STM colleagues now work at their current employer, SeaTrust Mortgage.

38. Each of Plaintiffs' former STM colleagues that STM asserts that Plaintiffs improperly solicited worked for STM in North Carolina and now work for SeaTrust in North Carolina. Most of those former STM employees who now work at SeaTrust worked with Plaintiffs in their employment before SeaTrust. Two are Love's son and daughter-in-law, and another is a close personal friend of Love's family.

39. Neither Love nor O'Bday have solicited any STM employees in violation of the Non-Solicit. Neither Love nor O'Bday have hiring responsibilities at their new employer, SeaTrust Mortgage.

## FIRST CAUSE OF ACTION
**(Failure to Pay Wages—N.C.G.S. § 95-27.7)**

40. The allegations contained in the previous paragraphs are repeated, realleged, and reasserted as if fully set forth verbatim herein.

41. The Overrides and Bonuses are wages under North Carolina law.

42. Plaintiffs' employment was discontinued on July 6, 2021.

43. STM was required to pay their Overrides and Bonuses on the first regular payday after their amount became calculable.

44. Neither Love's Agreement nor O'Bday's Agreement provide that the Overrides or Bonuses can be forfeited.

45. STM never provided any notice to Plaintiffs of any policy or practice that would result in forfeiture of the Overrides or Bonuses.

46. STM is liable to Plaintiffs for the full amount of the Overrides and Bonuses and liquidated damages in the amount of the Bonuses. STM is further liable for Plaintiffs' reasonable costs and fees incurred in recovering the Overrides and Bonuses.

47. STM has failed to pay Overrides and Bonuses due under the Agreements.

48. The Bonuses due to Plaintiffs were fully calculable in July and due to be paid no later than the last day of July, consistent with STM's practice throughout their employment.

49. The Overrides due to Plaintiffs were fully calculable in August for July and due to be paid no later than August 15, 2021 and fully calculable in September for August and due to be paid no later than September 15, 2021, consistent with STM's practice throughout their employment.

50. Employers who violate the wage payment provisions of North Carolina law are liable to employees not only for the amount of the unpaid compensation, but also liquidated

damages equal to the amount of wages due. N.C.G.S. § 95-25.22(a), (a1). Additionally, Plaintiffs are entitled to their reasonable costs and fees incurred in connection with recovering the unpaid wages. *Id.* at 95-25.22(d).

## SECOND CAUSE OF ACTION
**(Breach of Contract)**

51. The allegations contained in the previous paragraphs are repeated, realleged, and reasserted as if fully set forth verbatim herein.

52. STM breached its contractual obligations to Plaintiffs by failing to pay Overrides and Bonuses.

53. STM is liable to Plaintiffs for their Overrides and Bonuses under the Agreement.

## THIRD CAUSE OF ACTION
**(Declaratory Judgment - N.C.G.S. § 1-253 *et seq.*
As to STM's Override and Bonus Obligations)**

54. The allegations contained in the previous paragraphs are repeated, realleged, and reasserted as if fully set forth verbatim herein.

55. Love is interested under Love's Agreement, which constitutes a contract.

56. The Agreement contains no language conditioning payment of Overrides or Bonuses on Love's continued employment with STM.

57. O'Bday is interested under O'Bday's Agreement, which constitutes a contract.

58. The O'Bday Agreement contains no language conditioning payment of Overrides or Bonuses on O'Bday's continued employment with STM.

59. Love seeks a determination by the Court of a question of construction regarding his entitlement to Bonus payments in quarters subsequent to the second quarter of 2021 and to Overrides.

60. O'Bday seeks a determination by the Court of a question of construction regarding his entitlement to Bonus payments in quarters subsequent to the second quarter of 2021 and to Overrides.

### **FOURTH CAUSE OF ACTION**
**(Declaratory Judgment - N.C.G.S. § 1-253** *et seq.*
**As to Enforceability of the Non-Solicitation Provisions in the Agreements)**

61. The allegations contained in the previous paragraphs are repeated, realleged, and reasserted as if fully set forth verbatim herein.

62. Love is interested under Love's Agreement, which constitutes a contract.

63. O'Bday is interested under O'Bday's Agreement, which constitutes a contract.

64. Plaintiffs seek a determination that the Non-Solicit is unenforceable due to overbreadth.

**WHEREFORE**, Plaintiffs John "Ritchie" Love and Robert Roy O'Bday having fully complained, pray for judgment against Defendant Southern Trust Mortgage, LLC, with the following particular relief:

    A.    Judgment in favor of Plaintiff and against Defendants on all causes of action alleged in the Complaint;

    B.    An order of specific performance to enforce the terms of the compensation agreements;

    C.    An award of actual, general, compensatory, incidental, consequential, and special damages recoverable under law, in an amount to be determined at trial;

    D.    An award of liquidated damages recoverable under law;

    E.    An award of attorneys' fees and costs associated with bringing and prosecuting this action;

    F.    An award of pre-judgment and post-judgment interest; and

G. Such other and further relief as this Court deems just and proper.

Respectfully submitted this the 16th day of September, 2021.

/s/ Bridget A. Blinn-Spears
Bridget A. Blinn-Spears
N.C. State Bar No.: 43636
BBlinn-Spears@nexsenpruet.com
J. Neal Robbins
N.C. State Bar No. 37022
NRobbins@nexsenpruet.com
Caitlin A. Mitchell
N.C. State Bar No.: 53050
CMitchell@nexsenpruet.com

Nexsen Pruet, PLLC
4141 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 678-7593
Facsimile: (919) 890-4540
*Attorneys for Plaintiffs John "Ritchie" Love and Robert Roy O'Bday, Jr.*